Judge Owsley
delivered the opinion of the court.
This is a branch of the case of Webb against Bedford, formerly before this court.
In that case Webb was complainant, asserting the superior equity to the land in contest, under an entry made in his name for 950 acres, and asking a surrender of the legal title from Clay and Bedford, and Brand, the two former claiming under an entry made in the name of Richard Muse for 1,000, and the latter claiming under an entry of 1,000 acres, made in the name of Benjamin Harris.
The court of original jurisdiction pronounced a decree dismissing Webb's bill, from which he prayed for, and obtained an appeal. On hearing the appeal, this court gave an opinion sustaining the entry of Webb, reversed the decree of the circuit court, and remanded the cause with directions as to the manner the entry should be surveyed, &c.
Upon a return of the cause to the circuit court, a survey was executed in accordance to the opinion of this court, and a final decree pronounced in favor of Webb, for so much of the land as was held by Clay and Bedford, and to which, according to the principles settled by the opinion of this court, be was ascertained to have the superior right.
But by an agreement of the parties, the opinion of this court was not to include Brand, and the cause as to him was again placed on the docket of the court for further preparation.
Webb then exhibited an amendment to his bill alledging, he has lately discovered, that Harris, before Brand procured any transfer, and shortly after the emanation, of his patent, conveyed all his interest in the land to Micha Sair & Joseph Tyson. He charges the entry of Harris to be Vague and uncertain, makes Sair and Tyson defendants, demands of them an answer to the original and amended bills, and prays a surrender of their title, &c.
Sair and Tyson being non-residents, an order of publication was obtained against them. After being continued for sometime the cause was called, and without objection by either party, heard by the court, and an interlocutory decree pronounced, sustaining Webb’s entry, and directing it to be surveyed according to the principles settled by this court, when the cause was formerely before it,
*575 A survey was made in pursuance of the interlocutory decree and returned to court. Brand then moved the court to set aside the interlocutory order, on the grounds
1. Of its being erroneous on the merits.
2. Because he had no notice of the taking of the depositions and making the survey, returned before the cause was heard.
3. Because he holds a mere equity under Sair and Tyson, to whom no notice was given either of the taking depositions or making the survey; and against whom no interlocutory decree was rendered, &c.
His motion was, however, overruled, an order made taking the bill for confessed against Sair and Tyson, and a final decree pronounced, ordering Brand, Sair and Tyson to convey by deed of special warranty all the land included within the entry of Webb, as surveyed, and which is included in the survey made under the interlocutory decree, &c.
From that decree they appealed to this court; and have assigned for error,
1. That the court erred in hearing the cause and pronouncing an interlocutory decree against the non-resident defendants, before proof of the order of publication having been executed, or taking the bill as confessed against them, and in permitting depositions and surveys made as to said non-residents to be read on the trial.
2. That the court erred in pronouncing a decree against the defendant, Brand, for any part of the land in controversy, it not appearing that he claimed or held title to any part of the land included in Webb’s entry when properly surveyed.
3. That the court erred in not setting aside the interlocutory decree or the petition, for the causes set forth by the defendant, Brand.
4. The court erred in decreeing the defendants jointly to convey the land recovered by the complainants.
5. The decree is erroneous on the merits in decreeing any part of the land held or claimed by the defendants, to be conveyed to the complainants.
The first assignment of errors seems to divide itself properly into two objections.
1. As to the regularity of the interlocutory decree as against the non-resident defendants, and
5. As to the propriety of using the depositions and survey against them on the trial.
A reversal will not be decreed for an error in an interlocutory decree, unless such error is sanctioned by the final decree Vide 1 Mars 222, ib. 603, acc.
No exceptions for irregularity in taking depositions or making surveys, will be allowed in the appellate court, unless they have been made and decided on in the court below, and at the trial it will be presumed they were admitted
If a def’d’t permits a decree to pass against him, without exhibiting his title papers, or the bounds of his claim, it furnishes no grounds for a reversal.
With respect to the first objection, however, it is sufficient to remark that, if the final decree is correct, no irregularity in any interlocutory order can have the effect of reversing that decree.
This court possesses no controlling power over the interlocutory order of other courts, and in receiving their decrees, must decide upon the equity of the case, regardless of any objections to those orders, unless they may have been sanctioned by the ultimate decision.
And as to the depositions and survey used on the trial, it is proper to observe, that the non-resident defendants made no appearance, and raised no objection in the court below, and this court never regards objections to the regularity of either taking depositions or making surveys, unless the objections are first made and decided on by the court of original jurisdiction. If it be urged, that the non-resident defendants were absent, and had no opportunity of objecting, it is answered, the law furnishes them with the means of still appearing and answering the bill in that court, where they may avail themselves of all legal objections to obtain a fair and full investigation of their rights.
The objection contained in the second assignment of errors, we think equally untanable. The precise position of the land claimed by Brand, it is true, is not delineated on the plat; but the land decreed is shewn to be included within Harris’ patent, under whom Brand claims, and by not exhibiting his title papers, he should not he permitted to defeat the complainants, who are not presumed to know the extent of his claim, from obtaining a decree. If he held no interests he might have disclaimed, and thereby avoided the payment of costs, but after asserting claims, it is too late to urge his lack of interest in the land.
The third assignment of error we also think cannot be sustained. That assignment it will be perceived questions the correctness of the decision of the circuit court in refusing to set aside the interlocutory decree. So much of the objection as relates to the merits of that decree, will be considered in connection with the last assignment of error. And with respect to the second objection taken on the motion to set aside the interlocutory decree, it may be remarked, the arguments of counsel were heard, and the decree rendered without objection, either to the regularity of taking the depositions or making the survey. Those depositions and survey must, therefore, be presumed to have *577 been admitted by Brand to have been regularly used on the hearing, and he ought not thereafter be allowed to urge objections to their regularity. And in deciding on the merits of Brand, it cannot have been important whether or not the interlocutory decree related to the interest of Sair and Tyson, or whether or not notice had been given to them of the taking those depositions or making the survey. A final decree, it is true, could not regularly have been pronounced against Brand, without disposing of the cause as to Sair and Tyson also; but in the present case the final decree appears to have been entered at the same time against all of the defendants.
A final decree against one deft deriving title under, another cannot regularly be pronounced without at the same time disposing of the cause against both.
Where various deft's claim under the same title, a decree directing a joint surrender is proper.
Talbot for appellant, Haggin for appellees.
We are likewise of opinion the fourth assignment of error cannot be availing. The defendants all appear to hold under the same title, and to require a joint surrender of their title is in strict conformity to every day’s practice, and calculated to produce no injury whatever.
It remains to decide upon correctness of the decree upon its merits. And here it is proper to observe, that there is nothing in the present case calculated to distinguish its merits from the case formerly before this court, and which is reported in 2 Bibb, 354. To that case we would, therefore, refer as a complete illustration of the validity of Webb’s entry. In the present case, the defendants were not compelled to surrender their title to more land than Webb is shewn to be entitled to under that opinion; and upon the authority of that decision, which we now think correct, the decree must be affirmed with cost.